UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| GERALD BEAMAN, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | 2:04-cr-00057-DBH-2 |
| | ) | 2:12-cv-00269-DBH |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

### RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

In July 2005, the court entered its judgment against Gerald Beaman following his plea of guilty to possession with intent to distribute 50 grams or more of cocaine base, 21 U.S.C. § 841(a)(1), (b)(1)(A), and aiding and abetting that crime, 18 U.S.C. § 2. (Judgment, ECF No. 140.) The judgment imposed a sentence of imprisonment of 209 months. The sentence was enhanced by the career offender provision of the United States Sentencing Guidelines. Currently before the court is Beaman's motion under 28 U.S.C. § 2255. Beaman requests that his sentence be corrected in light of changes in the law concerning the "crimes of violence" standard used for the career offender enhancement. For reasons that follow, I recommend that the court deny the motion without hearing.

**Background**

The 209-month term of imprisonment imposed in the court's judgment was driven not by drug quantity, but by a finding that Beaman qualified as a career offender under section 4B1.1 of the United States Sentencing Guidelines. Beaman's predicate offenses were two domestic violence convictions and one drug trafficking conviction. In the context of the career offender guideline, the court granted a downward departure under section 4A1.3(b), because the level-VI

mandatory criminal history category for "career offenders" substantially over-represented the seriousness of Beaman's criminal history. (Sentencing Transcript at 21-22, ECF No. 182; see also Oral Order, ECF No. 137 (granting ECF No. 133).) However, the court concluded that the advisory guideline sentence could not be based on a criminal history category below level V because of section 4A1.3(b)(3)(A), which only permits a one-step criminal history departure. (Transcript at 22-23.) The court also granted a motion filed by the United States for downward departure for substantial assistance under section 5K1.1, departing by 26 months from the bottom of the guideline range. (Id. at 23; See also Oral Order, ECF No. 137 (granting ECF No. 135).) Although the court characterized the resulting sentence of 209 months as harsh, the court concluded that there was no foothold in 18 U.S.C. § 3553 upon which to support a variant sentence and that it was "the judgment of Congress as to what should happen to people who are career offenders." (Transcript at 23-24.)[1]

Beaman appealed his sentence on June 7, 2005. (ECF No. 150.) The Court of Appeals affirmed the sentence, emphasizing that this court expressly recognized the advisory nature of the guidelines, but properly concluded that the prior convictions were proper predicate convictions for career offender status. In particular, the Court of Appeals reasoned: "Given that Beaman did not dispute that he qualified as a career offender, the district court's deference to the policy underlying the career offender guideline was unquestionably appropriate." United States v. Beaman, No. 05-1921 (1st Cir. Apr. 18, 2007). Beaman did not petition the Supreme Court for a writ of certiorari and, therefore, judgment in his case became final in July 2007, 90 days after entry of the appeals court judgment. See Ramos-Martinez v. United States, 638 F.3d 315,

---

[1] The court's stated rationale makes it clear that Beaman received the benefit of Booker v. United States, 543 U.S. 220 (2005), in which the Supreme Court held that the guidelines were merely advisory, but the court's description of the sentence as harsh also suggests that the court felt constrained to an extent it might not have felt in the wake of Gall v. United States, 552 U.S. 38 (2007), and Kimbrough v. United States, 552 U.S. 85 (2007), in which the Supreme Court made it plain that appellate courts cannot impose a heightened standard of review on variant sentences that favor a defendant.

2

320-21 (1st Cir. 2011); Sup. Ct. R. 13.1.  More than four years passed before Beaman filed another pleading.

On November 1, 2011, Beaman filed a motion (ECF No. 212) pursuant to 18 U.S.C. § 3582(c)(2) seeking a reduction in his sentence pursuant to the "Fair Sentencing Act of 2010," which in addition to amending the drug quantity provisions codified at 21 U.S.C. § 841(b)(1), see 111 P.L. 220, 124 Stat. 2372, § 2, also authorized the Sentencing Commission to lower the guideline sentences for crack cocaine offenses, see id. § 8.  The court promptly denied this motion because Beaman's sentence had been substantially enhanced by the career offender guideline—a guideline untouched by the Fair Sentencing Act—and, consequently, the Commission's revision of the crack cocaine guidelines did not avail Beaman.  (Order on Motion, ECF No. 214.)  Beaman appealed the order (ECF No. 217), but the Court of Appeals once more affirmed the court (ECF No. 234).

On September 10, 2012, Beaman filed the pending section 2255 motion.  (ECF No. 236.)  He now contends that the court was wrong to apply the career offender enhancements because his domestic assault and battery convictions did not actually involve violence.  (Id. at 2.)  Beaman cites Begay v. United States, 553 U.S. 137 (2008) (holding that New Mexico's felony DUI crime falls outside the scope of the "violent felony" concept used in the Armed Career Criminal Act), and Chambers v. United States, 555 U.S. 122 (2009) (holding that Illinois's crime of failure to report for penal confinement falls outside the scope of the ACCA's "violent felony" concept).  However, more cogent to Beaman's motion are Johnson v. United States, 559 U.S. 133 (2010), and United States v. Holloway, 630 F.3d 252 (1st Cir. 2011).

In Johnson, the Supreme Court held that a mere simple assault/battery that is not "capable of causing physical pain or injury to another person" does not amount to a violent felony under

3

the ACCA. Johnson v. United States, 559 U.S. 133, 130 S. Ct. 1265, 1271 (2010). Thereafter, the First Circuit held in Holloway that convictions under Massachusetts's simple assault and battery statute (the statute that garnered Beaman his two domestic violence convictions), cannot be treated as violent felonies under the ACCA merely based on boilerplate language in an indictment stating that the defendant "did assault and beat" the victim. 630 F.3d at 254-55. Because the trial court in Holloway treated the state indictments as establishing the fact that the defendant had been convicted of a violent felony, the court reversed and remanded for resentencing. Id. at 255. Although these several precedents are all ACCA cases, they inform the present analysis under the guideline's career offender provision because the Court of Appeals has held that "violent felony" under the ACCA and "crime of violence" under the career offender provision are "nearly identical" and should be interpreted consistently. Id. at 254 n.1.

Had Beaman's sentencing taken place after the First Circuit's 2011 opinion in Holloway, he may well have escaped the career offender enhancement. Defense counsel called the victim to the stand at the hearing, who indicated that Beaman had "grabbed" her, but also that she was not hurt or injured in the events underlying Beaman's convictions. (Transcript at 6-9.) It is not apparent that the indictment or plea colloquy associated with the Massachusetts convictions divulged anything contrary. However, First Circuit law in 2005 was directly contrary to the holding of Holloway based on a series of opinions beginning with United States v. Mangos, 134 F.3d 460, 464 (1998). See Holloway, 630 F.3d at 254 (reversing Mangos). In other words, Beaman's section 2255 motion would have merit if it is assumed that Johnson announced a new rule of law made retroactive to cases on collateral review.[2] But unfortunately for Beaman, he

---

[2]   There is no binding precedent in this circuit holding that Johnson is retroactively applicable and other circuit courts of appeals differ not only with respect to retroactivity, but also with respect to whether such a non-jurisdictional, non-constitutional error of law is a cognizable basis for a collateral attack on a sentence. See, e.g., United States v. Narvaez, 674 F.3d 621 (7th Cir. 2011) (vacating sentence enhanced under the career offender

4

cannot pursue his motion because Congress has imposed a limitation period on the filing of 2255 motions and his motion is not timely.

## Discussion

A prisoner serving a sentence of incarceration imposed by this court may file a motion to correct his sentence if, among other things, the sentence was in excess of the maximum authorized by law. 28 U.S.C. § 2255(a). Congress has imposed a one-year limitation period on the filing of section 2255 motions. Id. § 2255(f). That period begins running from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Beaman asserts that his motion is timely because he filed it within one year of "his last legal action with this Honorable Court." (Motion at 1.) His assertion, however, does not match up with any of the four starting lines identified in section 2255(f). Beaman's section 3582(c)(2) motion did not make his conviction other than final and it did nothing to toll the limitation period. See 18 U.S.C. § 3582(b)(1) ("Notwithstanding the fact that a sentence to imprisonment

---

provision based on a "miscarriage of justice" and remanding for resentencing in light of <u>Begay</u> and <u>Chambers</u>); <u>Sun Bear v. United States</u>, 644 F.3d 700 (8th Cir. 2011) (rejecting argument that misapplication of the guidelines resulted in an unlawful sentence where the sentence imposed was both within the statutory maximum and within the guideline range that would apply if the movant were granted the relief he sought). Chief Judge Woodcock recently granted a certificate of appealability on this very issue. <u>Damon v. United States</u>, Nos. 1:08-cr-00157-JAW-3, 1:11-cv-00058-JAW, 2012 WL 6216868, 2012 U.S. Dist. Lexis 176484 (D. Me. 2012) (Woodcock, C.J.).

can subsequently be . . . modified pursuant to the provisions of subsection (c) . . . a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes.").

As for the alternative statute of limitation starting lines in section 2255(f), the first line was drawn in July 2007, when the judgment of conviction became final. Beaman's September 2012 filing is well outside of this limitation period. The second line has never been drawn, because Beaman has not identified any governmental action that impeded his ability to file his motion. Section 2255(f) implicitly reflects that incarceration itself is not an impediment to filing a section 2255 motion. Assuming that the third line has been drawn, it was drawn no later than March 2010, when the Supreme Court issued its Johnson opinion, because Johnson is the opinion that demonstrated the error in the law established by the First Circuit in Mangos, as articulated in Holloway. Beaman filed his motion more than a year later. The fourth line, the date on which Beaman would have discovered the facts supporting the claim, predates final judgment and, thus, cannot assist Beaman.

Beaman's section 2255 motion is untimely and subject to dismissal on that ground. Beaman does not assert any basis for equitable tolling of the limitation period and his only argument for ignoring the statute of limitation—that he is "actually innocent" of the conduct used to enhance his sentence—is not a recognized exception to the statute of limitation. The "actual innocence" inquiry relates, instead, to the issue of whether to relieve a habeas petitioner of the procedural default that normally results from failing to raise an issue at trial or on direct appeal. Berthoff v. United States, 308 F.3d 124, 127-28 (1st Cir. 2002) (citing Bousley v. United States, 523 U.S. 614, 622 (1998)).

## Conclusion

For the reasons stated above, I recommend that the Court deny Beaman's motion for correction of his sentence under 28 U.S.C. § 2255. I further recommend that the Court deny a

certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).  Beaman's failure to file his motion within the one-year statutory limitation period negates any attempt to polish the Begay/Chambers/Johnson/Holloway claim into a viable certificate of appealability issue.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

January 31, 2013